Filed 9/22/20  P. v. Granderson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C089987 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE021119) |
| v. | |
| MICHAEL GRANDERSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Michael Granderson filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

FACTS AND PROCEDURAL HISTORY

Defendant was charged with one count of inflicting corporal injury resulting in a traumatic condition upon J.D. (Pen. Code, § 273.5, subd. (a) [statutory citations that follow are to the Penal Code unless otherwise stated] [count one]). It was further alleged defendant inflicted great bodily injury (§ 12022.7, subd. (e)) and that he had suffered a prior serious felony conviction (§ 667, subd. (a)).

Defendant and J.D. were involved in a long-term romantic relationship, which ended and restarted several times. J.D. testified that defendant had acted violently on four prior uncharged occasions. On the charged occasion, defendant accused J.D. of having a sexual relationship with someone else, grabbed her hair, and began punching her. She quickly went out onto her patio outside her apartment where defendant tried and failed to push her over the railing of the patio. She had bruises and a broken tooth as a result of the struggle. J.D.'s daughter saw part of the struggle on the patio. She saw defendant strike J.D. several times and drag her down the stairs from her patio. In his defense, defendant claimed he was struck and assaulted by J.D. and her daughter, and he struck J.D. in self-defense.

Following the trial, the jury acquitted defendant of count one but convicted him of a lesser included offense, simple battery against a person in a dating relationship, in violation of section 243, subdivision (e)(1), a misdemeanor. The trial court sentenced defendant to time served, with excess credits to be applied to fines and fees.

Defendant filed a timely notice of appeal.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right

2

to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *People v. Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

 

 

_____

HULL, Acting P. J.

 

We concur:

 

_____

MURRAY, J.

 

_____

HOCH, J.